IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL PADRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1159-L |
| | § | |
| LOGISTICS INSIGHT CORP., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Logistics Insight Corp. has filed a Motion to Set Aside Entry of Default. *See* Dkt. No. 10.

United States District Judge Sam Lindsay referred this motion to the undersigned United States magistrate judge for hearing, if necessary, and to submit proposed findings and recommendations for disposition under 28 U.S.C. § 636(b). *See* Dkt. No. 11.

Plaintiff Daniel Padro has not responded, and his deadline to do so under Local Civil Rule 7.1 has past.

For the reasons explained below, the Court should grant Defendant Logistics Insight Corp.'s Motion to Set Aside Entry of Default [Dkt. No. 10] and set aside the Clerk's Entry of Default [Dkt. No. 7] as to Defendant Logistics Insight Corp. under Federal Rule of Civil Procedure 55(c), deny as moot Plaintiff's Motion for Default Judgment [Dkt. No. 8], and grant leave for Logistics Insight Corp. to file Defendant's Answer to Plaintiff's Original Complaint [attached as Dkt. No. 10-6].

## Applicable Background

Logistics Insight Corp. explains the following background for its request to set aside the entry of default:

In his Complaint, Plaintiff alleges that Defendant retaliated against him by terminating his employment with the Company after Plaintiff's fiancé filed a grievance complaining of sexual harassment. [Dkt. 4.]

On August 20, 2021, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") asserting Defendant retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as well as Chapter 21 of the Texas Labor Code. *See* Employment Charge of Discrimination, attached as Exhibit A. Defendant submitted a responsive position statement denying the allegations contained within the Plaintiff's Charge on April 1, 2022. *See* Defendant's Position Statement, attached as Exhibit B.

Then, on March 2, 2023, the EEOC dismissed Plaintiff's Charge. *See* Dismissal and Notice of Rights, attached as Exhibit C]. Plaintiff then filed his Complaint on May 19, 2023. [Dkt. 4.]

Regarding the Complaint, this was first received by Tim Monahan. Mr. Monahan is the Vice President – Legal for Universal Logistics, and he has served as in-house counsel since 2016. *See* Declaration of Timothy J. Monahan, attached as Exhibit D. Universal Logistics Holding, Inc., is the holding company for a number of entities, including the Defendant, Logistics Insight Corporation (the "Company"), Plaintiff's former employer. *Id.* In his role as in-house counsel, he routinely handles summonses of new lawsuits served on the various entities, including the Company. *Id.* One such summons involved Plaintiff's Original Complaint and Jury Demand in the above-referenced and styled case. *Id.* As noted in Mr. Monahan's declaration, he received the summons and new lawsuit on May 31, 2023. *Id.* He then forwarded the summons and new lawsuit to Michael Hott with HR-1 by e-mail on May 31, 2023. *Id.* In his role as in-house counsel, it is his practice to turn over new summonses and lawsuits to Mr. Hott by e-mail as soon as he receives them. *See* Declaration of Timothy J. Monahan. *Id.* Mr. Monahan and Mr. Hott routinely discuss and coordinate the engagement of outside counsel. *Id.* Coordination and engagement of outside counsel did not occur in a timely fashion because of a mistake or mere inadvertence once the summons and lawsuit reached Mr. Hott's desk. *Id.*

As discussed in the declaration of Michael Hott, Mr. Hott serves as the Vice President of Human Resources Operations for HR-1, a

shared services provider. *See* Declaration of Michael Hott, attached as Exhibit E. HR-1 provides human resources support to Universal Logistics Holding, Inc., as well as several other entities under its umbrella, including the Defendant. He has served as Vice President of HR Operations since February 2018. *Id*. In addition to providing human resources support, he also provides payroll and employment law support to the Company. *Id*.

In his role as Vice President of HR Operations, he routinely handles summonses of new lawsuits served on the various entities under Universal Logistics Holding, Inc., which are typically forwarded to him by in-house counsel of the holding company. *Id*. This includes receiving Plaintiff's Original Complaint and Jury Demand in the above-referenced and styled case. Mr. Hott received a copy of the summons and new lawsuit on May 31, 2023. *Id*. When the lawsuit and summons were served and forwarded to his attention, HR-1 was undergoing a comprehensive IT software platform transformation. *Id*. Mr. Hott was involved with numerous daily meetings related to the implementation of the new IT software platform. *Id*. The group was completely overwhelmed. When a new summons and lawsuit gets forwarded to Mr. Hott by Mr. Monahan, they typically discuss and coordinate the engagement of outside counsel. *Id*. That did not happen in this instance, due to the overwhelming effect of the IT software platform transformation. *Id*.

While reviewing a list of active legal matters on or about August 9, 2023, Mr. Hott discovered the summons and alerted Mr. Monahan immediately to engage outside counsel. Coordination with Mr. Monahan, and engagement of outside counsel, did not occur in a timely fashion because of a mistake or mere inadvertence once the summons and lawsuit reached Mr. Hott's desk. *Id*.

Dkt. No. 10 at 1-3.

## Legal Standards

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). "The language of this rule is discretionary, and 'the decision to set aside a default is committed to the sound discretion of the trial court.'" *Moreno v. LG Elecs., USA, Inc.*, 800 F.3d 694, 698 (5th Cir. 2015) (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir.

1992)). As this language implies, "the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect." *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521, 544 n.20 (5th Cir. 2014) (cleaned up)).

"To decide if good cause exists, courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)); *see also Chinese Drywall*, 753 F.3d at 545 (observing that "courts may also consider … factors identified in Rule 60(b)" but "'need not consider all of [these] factors,' as '"the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause"'" (quoting *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008))).

"The burden of showing good cause lies with the party challenging the default entry." *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (quoting *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003)).

Even so, "[d]efaults are 'generally disfavored.'" *Koerner*, 910 F.3d at 225 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)). Consequently, "[u]nless it appears that no injustice results from the default, relief should be granted." *Id.* (quoting *OCA*, 551 F.3d at 370-71).

But "[a] finding of willful default ends the inquiry, for 'when the court finds an

intentional failure of responsive pleadings there need be no other finding.'" *Lacy*, 227 F.3d at 292 (quoting *Dierschke*, 975 F.2d at 184).

## Analysis

Primarily under the three Rule 55(c) factors identified by the United States Court of Appeals for the Fifth Circuit and considering that setting aside an entry of default is less rigorous than setting aside a default judgment, Defendant Logistics Insight Corp. has shown good cause to set aside the Clerk's July 7, 2023 Entry of Default [Dkt. No. 7].

The Court should therefore set aside that entry of default, deny as moot Padro's motion for default judgment [Dkt. No. 8], and grant leave for Logistics Insight Corp. to file its Answer and Affirmative Defenses to Padro's Complaint [Dkt. No. 1].

### I. On the record before the Court, willful default has not been shown.

"A willful default is an 'intentional failure' to respond to litigation." *OCA*, 551 F.3d at 371 n.32. And the undersigned cannot find, on this record, that Logistics Insight Corp. intentionally failed to respond. Rather, as it explains, "[u]pon being served, in-house counsel immediately forwarded a copy of Plaintiff's Complaint to the necessary parties"; but, "as noted in Mr. Hott's declaration, Mr. Hott inadvertently delayed the process of retaining outside counsel while he was involved in a project that consumed the majority of his time"; and, "[o]nce the summons was discovered by Mr. Hott on the list of active legal matters, Mr. Monahan attempted to coordinate with Mr. Hott to retain outside counsel." Dkt. No. 10 at 5-6.

As Logistics Insight Corp. persuasively asserts, "[n]othing in Defendant's

conduct suggests the devious, deliberate, willful, or bad faith necessary to find that it intentionally failed to file an answer or responsive pleading. Rather, any failure to file an answer or responsive pleading by Defendant was simply inadvertence or carelessness – neither of which are sufficient to warrant a default." *Id.* at 6.

### II. Prejudice, as precedent defines that term in this context, has not been shown.

Turning to prejudice, as the Fifth Circuit has held as to this factor, "mere delay does not alone constitute prejudice." *Lacy*, 227 F.3d at 293.

Here, as Logistics Insight Corp. explains, Padro's "ability to pursue his claim has not been hindered. As noted above, Defendant is prepared to file an Answer (or responsive pleading) immediately, which means any delay in this matter would be merely approximately 14 days. Additionally, the filing of Defendant's Answer and the affirmative defenses contained therein will not cause Plaintiff any prejudice as Plaintiff presumably anticipated that Defendant was prepared to vigorously defend this matter given that the Company previously asserted similar defenses in its responsive position statement." Dkt. No. 10 at 9.

And "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case. …. All that ... has [been] done is to give the defendants their day in court." *Lacy*, 227 F.3d at 293 (cleaned up). And Padro has not filed any response asserting any prejudice.

### III. Logistics Insight Corp. has identified a meritorious defense.

Finally, Logistics Insight Corp. has identified a meritorious defense: It asserts that Padro's "sole claim of retaliation in his Original Complaint has no merit

whatsoever, and Defendant has strong defenses against that claim." Dkt. No. 10 at 6.

As Logistics Insight Corp. further explains in its motion, it "categorically denies it retaliated against Plaintiff or engaged in any other conduct that would violate Title VII" and "has numerous affirmative defenses in response to" Padro's Complaint. *Id.* at 8. And Logistics Insight Corp. has attached Defendant's Answer to Plaintiff's Original Complaint that it intends to file immediately on being granted leave. See Dkt. No. 10-6.

The undersigned agrees that this meets the Fifth Circuit's standard to establish the existence of a meritorious defense.

## Recommendation

The Court should grant Defendant Logistics Insight Corp.'s Motion to Set Aside Entry of Default [Dkt. No. 10] and set aside the Clerk's Entry of Default [Dkt. No. 7] as to Defendant Logistics Insight Corp. under Federal Rule of Civil Procedure 55(c), deny as moot Plaintiff's Motion for Default Judgment [Dkt. No. 8], and grant leave for Logistics Insight Corp. to file Defendant's Answer to Plaintiff's Original Complaint [attached as Dkt. No. 10-6].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 22, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE